

WENDY S. DEZZANI (115870)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
1545 River Park Drive, Suite 550
Sacramento, CA 95815
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for Trustee,
 Gary R. Farrar

FILED
JUN - 1 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

-oOo-

In re

CHHANN MOM,

    Debtor.
_____/

GARY R. FARRAR, Trustee of the
Chhann Mom Chapter 7 estate,

    Plaintiff,

vs.

CHHOUN MOM, an individual,

    Defendant.
_____/

BK NO. 05-20452-C-7

ADV. NO. 06-02177-C

DC No. MHK-1

## FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO DEFAULT

The Court having considered the Application for Entry of Judgment by Default (the "Application") and Plaintiff's Complaint to Avoid Unauthorized Post-Petition Transfer and/or Fraudulent Conveyance, for Turnover, and for Declaratory Relief; Alternatively, for Damages (the "Complaint"), by Gary R. Farrar, Trustee of the Chhann Mom Chapter 7

jh\farrar\mom\judgment.fof

...CT AND CONCLUSIONS OF LAW    1



RECEIVED
May 26, 2006
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000481494

481494

estate ("Plaintiff" or the "Trustee"), against Defendant Chhoun Mom, as well as the default evidence filed in support of Plaintiff's Application; the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, 7055 incorporating Federal Rule of Civil Procedure 52, 55 and 28 U.S.C. section 157(b)(1):

1. The debtor, Chhann Mom (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 14, 2005 (the "Petition Date"). Plaintiff was appointed as the Chapter 7 trustee in the Mom bankruptcy case on January 14, 2005. Plaintiff filed the Complaint against Chhoun Mom (the "Defendant") on April 10, 2006. Pursuant to 11 U.S.C. section 323, Plaintiff is the authorized representative of the Mom Chapter 7 estate and is authorized to bring the above-captioned action on behalf of the estate.

2. The Adversary Proceeding was commenced pursuant to 11 U.S.C sections 542, 544(b), 549(a), 550(a) and 551; California Civil Code sections 3439, et seq.; Federal Rules of Bankruptcy Procedure ("FRBP") 7001(a) and (9), and 7070; and Federal Rule of Civil Procedure ("FRCP") 70. This Court has jurisdiction over the Adversary Proceeding under 28 U.S.C. sections 1334(b) and 157(a). Venue is proper in this Court pursuant to 28 U.S.C. section 1409(a).

3. The adversary proceeding is a core proceeding, as defined in 28 U.S.C. section 157(b)(2)(A), (E), (H) (N), and (O).

4. The court issued the summons on April 11, 2006. Plaintiff served the Defendant by United States Mail with the summons, complaint and related documents required by the FRBP and the Bankruptcy Local Rules on April 13, 2006. The default of defendant Chhoun Mom, an individual, was properly entered by the Clerk of the Court on May 22, 2006.

5. On the Petition Date, record title to certain real property known as 1725 South Chadwick Street, Philadelphia, Philadelphia County, Pennsylvania 19145, Parcel No. 2218001725(the "Property"), was held solely in the Debtor's name.

jh\farrar\mom\judgment.fof

FINDINGS OF FACT AND CONCLUSIONS OF LAW       2

6. On May 3, 2005, the Trustee recorded a certified copy of the Debtor's Voluntary Petition with the Commissioner of Records, City of Philadelphia, Philadelphia County, Pennsylvania, Document No. 51167889.

7. The Debtor purported to transfer his interest in the Property to Defendant Chhoun Mom by means of a deed executed on or about June 17, 2005 and recorded on or about July 7, 2005 in Philadelphia County, Pennsylvania, Document No. 51215113 (the "Transfer").

8. Defendant Chhoun Mom had both constructive and actual knowledge of the Debtor's bankruptcy filing at the time of the Transfer.

9. Defendant Chhoun Mom did not give any consideration for the Transfer, except possibly $1.00.

10. The Property was property of the Mom Chapter 7 Estate within the meaning of 11 U.S.C. section 541(a)(1) at the time of the Transfer.

11. The Transfer was not authorized by the Bankruptcy Court or the provisions of the Bankruptcy Code.

12. An actual controversy exists as to ownership of the Property.

13. The Transfer is avoidable under 11 USC section 549(a).

14. Upon avoidance of the Transfer, the Property is preserved for the benefit of the Mom Chapter 7 estate pursuant to 11 USC section 551.

15. Defendant is the initial transferee for whose benefit the Transfer was made.

16. Plaintiff may recover the Property from the Defendant for the benefit of the Mom Chapter 7 estate pursuant to 11 U.S.C. section 550(a)(1).

17. Any interest in property preserved for the benefit of the estate is property of the Mom Chapter 7 estate under 11 U.S.C. section 550(a)(4).

18. Pursuant to 11 U.S.C. section 542(a), Defendant Chhoun Mom is required to turn over the Property to the Trustee.

19. Pursuant to FRBP 7070, which incorporates FRCP 70, the Trustee is entitled to a judgment divesting Defendant Chhoun Mom of title to the Property and vesting title to the Property in the Trustee.

20. The Trustee is entitled to a judgment or order directing Defendant Chhoun Mom to turn over possession of the Property to the Trustee.

21. Plaintiff is entitled to declaratory relief regarding title to the Property.

Dated: JUN - 1 2006

HONORABLE CHRISTOPHER M. KLEIN
JUDGE, UNITED STATES BANKRUPTCY COURT

jh\farrar\mom\judgment.fof

FINDINGS OF FACT AND CONCLUSIONS OF LAW           4